UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DYLAN T. FERREIRA**, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) **ANTHONY'S PIER FOUR, INC.** ) ) Defendant. ) | CASE NO. _____ Jury Trial Requested |

## CLASS ACTION COMPLAINT

### Introduction

1) Congress enacted the Fair and Accurate Credit Transactions Act (FACTA), as part of the Fair Credit Reporting Act (FCRA), to combat fraud and identity theft by prohibiting businesses from printing customers' credit/debit card expiration dates on their receipts. The Plaintiff asserts the Defendant, Anthony's Pier Four restaurant, disregarded that prohibition and wrongfully printed his credit card expiration date on his receipt thereby increasing his risk of being the victim of fraud and identity theft. He brings this action individually, and as a class action on behalf of the other customers the Defendant needlessly put at risk, seeking statutory damages, punitive damages, attorney fees and costs.

### Parties, Jurisdiction and Venue

2) The Plaintiff, Dylan T. Ferreira, is a natural person who has resided in the Commonwealth of Massachusetts since before August 2011.

3) The Defendant, Anthony's Pier Four, Inc., is a corporation, existing under the laws of the Commonwealth of Massachusetts, with its principal corporate office in Swampscott, Massachusetts.

4) The Defendant operated Anthony's Pier Four restaurant in Boston, Massachusetts.

5) The restaurant drew customers from Massachusetts and many other states including tourists and visitors to Boston.

6) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction over civil actions arising under the laws of the United States.

7) This Court also has subject matter jurisdiction under 15 U.S.C. § 1681p of the FCRA, which states such actions may be brought in "any appropriate United States district court, without regard to the amount in controversy, . . . ."

8) Venue for this action lies in this District pursuant to 28 U.S.C. §1391(b)(2) since the Defendant has done business within this District and the conduct complained of took place, at the Defendant's restaurant in Boston, within this District.

## Nature and Purpose of FACTA

9) Congress enacted FACTA on 2003, and made it effective for credit and debit card transactions by December 4, 2007.

10) FACTA includes truncation requirements directing businesses to redact certain information from credit/debit card receipts.

11) The truncation requirements, codified at 15 U.S.C. § 1681c(g), state:

> **(g) Truncation of credit card and debit card numbers**
> (1) In general
>     Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at

>   the point of the sale or transaction.
> (2) Limitation
>   This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.
>
> (3) Effective date
> This subsection shall become effective—
>   (A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>   (B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

12) The Act, as codified at 15 U.S.C. 1681o, allows consumers to recover any actual damages they suffer, and attorney fees they incur, as a result of a business' negligent violation of the truncation requirements.

13) The Act, as codified at 15 U.S.C. 1681n(a), also allowed consumers to recovery statutory damages if a business willfully violated the truncation requirements.

14) In May of 2008, Congress enacted legislation, codified at 15 U.S.C. 1681n(d), that retroactively eliminated the ability to recover statutory damages for truncation violations that occurred only between December 4, 2004, and May 20, 2008.

15) Congress did so at the urging of businesses that claimed, even years after the law passed, that they were unaware of the truncation requirements until consumers sued them for breaking the law.

## Defendant's Knowledge of FACTA

16) Business and general interest publications publicized FACTA's truncation requirements when Congress passed the law in 2003 and again in 2005 and 2006 as the Act's truncation requirements went into effect.

17) Business and general interest publications publicized Congress' 2008 action, regarding

statutory damages, that effectively wiped out a number of pending consumer lawsuits against businesses that had violated FACTA's truncation requirements through May 20, 2008.

18) Prior to August 2011, numerous restaurant and retail trade associations informed their members of FACTA's truncation requirements.

19) Prior to August 2011, while the Defendant was accepting Visa cards for payment, Visa USA's Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines, informed merchants of FACTA's truncation requirements.

20) Prior to August 2011, the Federal Trade Commission informed businesses, through a Business Alert, of FACTA's truncation requirements.

21) Upon information and belief, prior to August 2011, the Defendant had been informed of FACTA's truncation requirements.

22) Through the exercise of ordinary care, the Defendant would have known about FACTA's truncation requirements prior to August 2011.

23) Through the exercise of ordinary care, the Defendant should have known about FACTA's truncation requirements prior to August 2011.

24) Prior to August 2011, the Defendant either had actual knowledge of FACTA's truncation requirements or it acted willfully and/or recklessly with respect to FACTA' truncation requirements.

**Plaintiff's Experience**

25) On August 31, 2011, the Defendant was a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA, specifically 15 U.S.C. 1681c(g)(1).

26) On August 31, 2011, the Plaintiff was a customer at the Defendant's restaurant in Boston.

27) The Plaintiff paid his bill using his Master Card branded credit or debit card.

28) The Defendant printed the card's expiration date on the Plaintiff's receipt.

29) A true and accurate copy of the receipt is attached as Exhibit A.

30) The receipt was not handwritten.

31) The receipt was not an imprint of his card.

32) The receipt was electronically printed within the meaning of FACTA, specifically [15 U.S.C. 1681c(g)(2)](#).

33) On information and belief, the receipt was typical of all the receipts the Defendant gave its customers paying with a debit or credit card.

### **Violation of FCRA/FACTA, 15 U.S.C. § 1681c(g)**

34) On and after August 31, 2011, the Defendant accepted credit and debit cards in the course of transacting business.

35) On and after August 31, 2011, the Defendant electronically printed receipts for credit and debit card transactions.

36) Before August 31, 2011, the Defendant was informed about FACTA's requirements relating to the truncation of credit and debit card expiration dates on point of sale receipts.

37) On and before August 31, 2011, the Defendant knew of, or should have known of, FACTA's requirements relating to the truncation of credit and debit card expiration dates on point of sale receipts.

38) On August 31, 2011, the Defendant provided Plaintiff with an electronically printed receipt that contained his credit or debit card's expiration date.

39) On and after August 31, 2011, the Defendant gave its customers, who paid on-site with debit and credit cards, electronically printed receipts that included the cards' expiration dates.

40) On and after August 31, 2011, the Defendant willfully violated FACTA's truncation requirements by printing credit and debit card expiration dates on the Plaintiff's, and other class members', electronically printed receipt.

## Appropriateness of Class Action

41) Plaintiff brings this action on behalf of himself and the following defined Class pursuant to Fed. R. Civ. P. 23:

> All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring at Defendant's place of business referred to as Anthony's Pier Four Restaurant in Boston, Massachusetts, on or after August 31, 2011, which receipt displayed the expiration date of the person's credit or debit card.

42) Excluded from the Class are a) the Defendant, any parent, subsidiary, affiliate, employee, officer, director, legal representative, successor, and/or assigns of Defendant, and b) any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

43) Numerosity. The Class is all of the consumers the restaurant needlessly put at risk by giving an improper receipt so it is so numerous and dispersed that joinder of all members is impracticable. The exact number of Class members is unknown, but can be determined from, among other means, the Defendant's computerized and other records.

44) Commonality. There are questions of law and fact common to all members of the Class which predominate over any question affecting only an individual Class member because the members of the Class were subjected to the same practices of the Defendant. The common

questions and common issues raised by Plaintiff's claims include:

    i) whether the Defendant routinely printed consumers' expiration date on their credit or debit card receipts;

    ii) whether the Defendant thereby violated FACTA's truncation requirements;

    iii) whether the Defendant's actions were willful;

    iv) whether the Defendant's actions were reckless;

    v) whether the Plaintiff and the Class are entitled to damages as a result of the Defendant's conduct; and, if so;

    vi) what is the proper amount of those damages.

45) <u>Typicality.</u> The Plaintiff's claim is typical of the claims of all of the other Class members because his claim is based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by the Defendant.

46) <u>Adequacy.</u>  The Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein.  The Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class he seeks to represent.  Plaintiff has retained counsel experienced in handling class action lawsuits.  Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue the action.

47) <u>Superiority.</u>  A class action is superior to other available methods for the fair and efficient adjudication of the controversy since individual joinder of the members of the Class is unaffordable and impracticable.  Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed.

48) The Defendant has subjected the entire Class to the same violation of FACTA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding the Defendant's violation of the FACTA predominate over individual issues and class certification is a superior method of resolving these claims.

49) No unusual difficulties are likely to be encountered in the management of the case as a class action.

50) The Defendant has acted, and continues to act, in a manner that is generally applicable to all members of the Class making final relief appropriate.

### Request for Relief

**Wherefore**, the Plaintiff, on behalf of himself and the Class, requests the following relief:

a) A trial by jury.

b) An order certifying that the action is properly brought, and may be maintained as, a class action under Rule 23 of the Federal Rules of Civil Procedure; that Plaintiff be appointed as Class Representative of the Class; and that Plaintiff's counsel be appointed Class Counsel.

c) Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

e) An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

f) Such other relief at law or equity as the court may deem just and proper.

/s/ John T. Longo
_____
John T. Longo, Esq./BBO#632387
Citadel Consumer Litigation, P.C.

              681 Smith Street, Suite 201
              Providence, RI  02908
              (401) 383-7550
              Fax (401) 537-9185
              jtlongo@citadelpc.com


Dated: 8/30/13